**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **Case No. 2:26-mj-00268** |
| | ) | |
| **KATHERINE GRACE JOINER** | ) | |

**UNITED STATES' SUPPLEMENTAL BRIEF IN SUPPORT OF
DETENTION**

A threat to injure—indeed, to perpetrate a school shooting—is a quintessential "crime of violence" under the Bail Reform Act. 18 U.S.C. § 3156(a)(4). The statute charged here, 18 U.S.C. § 875(c), is divisible and contains two distinct crimes of violence: a threat to injure and a threat to kidnap. The first is a literal threat of physical force, and the second cannot logically be accomplished without constructively conveying such a threat. Indeed, though kidnapping itself can be accomplished through deception, *United States v. Gillis*, 938 F.3d 1181, 1203 (11th Cir. 2019) (holding that a violation of 18 U.S.C. § 1201 is not a crime of violence as a result), threatening to do so necessarily entails a threat of either express or implied physical force, *United States v. Spangle*, 617 F. App'x 764, 765 (9th Cir. 2015) (holding that a threat to kidnap is a "crime of violence" under the identical language of U.S.S.G. § 4B1.2(a)(1)) (unpublished memorandum opinion).

1

Crimes of violence are not subject to the ten-year limitation found at the end of 18 U.S.C. § 3142(f)(1)(A). The limiting clause only modifies the offenses listed under 18 U.S.C. § 2332b(g)(5)(B), the item immediately preceding it. As the Second Circuit determined in *United States v. Dai*, the plain language of the statute, the canons of constructions, and the legislative history together confirm this. 99 F.4th 136, 137 (2d Cir. 2024); *see also United States v. Santoro*, 359 F. Supp. 3d 122, 125 (D. Me. 2019) (same);  *United States v. Nguyen*, No. 24-MJ-71474-MAG-1 (LB), 2024 WL 4584574, at *3 (N.D. Cal. Oct. 25, 2024) (unreported) (same); *United States v. Conway*, No. 25-CR-20265, 2025 WL 3062729, at *3 (E.D. Mich. Nov. 3, 2025) (same). *But see United States v. Persico*, No. 10-CR-147 (DLI), 2017 WL 3669554, at *3 (E.D.N.Y. Aug. 23, 2017) (concluding that the 10-year limitation applies to crimes of violence, but without any analysis) (unreported); *United States v. Abbott*, No. 24-CR-20098, 2025 WL 3496169, at *2 (S.D. Fla. Dec. 5, 2025) (noting that this question appears to be unsettled in the Eleventh Circuit).

Finally, Section 875(c) is also a crime of violence under the "residual clause," as it carries with it a "substantial risk" that violence will occur in the "ordinary case." *Sessions v. Dimaya*, 584 U.S. 148, 162 (2018) (quoting *James v. United States*, 550 U.S. 192, 208 (2007)).

Consequently, the government was entitled to the June 2nd hearing and seeks detention for the gravest of reasons—the evidence presented proved that Katherine Joiner was, by her own admission, sincerely planning to carry out a mass school shooting and then commit suicide. Complaint Aff. at 15, 18.

Indeed, she celebrated the odious mass murderer and elementary school shooter Adam Lanza, previously contemplated her own apparent attack at an elementary school, and reported feeling emboldened by the participation of her codefendant, Ethan Bassett, with whom she discussed acquiring firearms for that purpose. *Id.* at 4, 6, 9, & 15. The threat that Joiner presents to the community— particularly to school aged children and teachers—is severe, and the evidence established at the detention hearing confirms that there is no condition or combination of conditions that can reasonably assure the safety of the public and Joiner herself, who has repeatedly made suicidal gestures and engaged in self-harm.

## STATEMENT OF THE ISSUES

The Court has identified four questions for the parties to brief. Doc. 8. The government will first answer them, in brief below, and then in detail:

1. Both clauses under Section 875(c) are crimes of violence under 18 U.S.C. § 3156(a)(4);

2.  Though both clauses of Section 875(c) are crimes of violence and the result is the same under the categorical approach, the statute is divisible, and the modified categorical approach confirms that a threat to injure is a distinct crime of violence;

3.  The ten-year maximum-penalty language in § 3142(f)(1)(A) only modifies the item that precedes it— an offense listed in section 2332b(g)(5)(B); and

4.  In the alternative, Section 875(c) is a crime of violence under the "residual clause," 18 U.S.C. § 3156(a)(4)(B), as it involves a substantial risk of violence.

## **RELEVANT STATUTES**

18 U.S.C. § 3142 (f)(1)(A) provides for a detention hearing, in relevant part, for cases involving: "a crime of violence, a violation of section 1591, or an offense listed in section 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed…"

18 U.S.C. § 3156(a)(4) includes two relevant definitions of "crime of violence." First, under subsection A, it is "an offense that has as an element of the offense the use, attempted use, or threatened use of physical force against the person or property of another." This is commonly referred to as the "elements clause." *Alvarado-Linares v. United States*, 44 F.4th 1334, 1342 (11th Cir. 2022).

4

Second, under subsection B, it is "any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." This is commonly referred to as the "residual clause." *Johnson v. United States*, 576 U.S. 591, 596 (2015). The "substantial risk" question "turns on the 'nature of the offense' generally speaking," and "requires a court to ask whether 'the ordinary case' of an offense poses the requisite risk." *Dimaya*, 584 U.S. at 162 (quoting *James v. United States*, 550 U.S. 192, 208 (2007)).

Section 875(c) provides: "Whoever transmits in interstate or foreign commerce any communication containing any threat to kidnap any person or any threat to injure the person of another, shall be fined under this title or imprisoned not more than five years, or both."

## LEGAL STANDARDS

### Determining Crimes of Violence: The Categorical and Modified Categorical Approaches

Analysis under 18 U.S.C. § 3156(a)(4) is "a categorical question, and thus is not dependent upon the specific facts of the case." *United States v. Johnson*, 399 F.3d 1297, 1301 (11th Cir. 2005); *Alvarado-Linares*, 44 F.4th at 1342. If a statute is indivisible, courts take the "categorical approach" and are permitted to "look only to statutory definitions of the crime" to determine whether it is a "crime of violence."

*Id.* at 1201. When a statute lists "elements in the alternative," thereby creating different crimes, some, but not all, of these crimes may count as a crime of violence. *Mathis v. United States*, 579 U.S. 500, 505 (2016); *see also United States v. Gandy*, 917 F.3d 1333, 1339 (11th Cir. 2019) (quoting *Mathis*). Courts here take the "modified categorical approach," which permits inspection of certain court documents, such as indictments, jury instructions, plea agreements, and undisputed facts in presentence reports, to determine whether the actual charged or convicted conduct constitutes a crime of violence under the relevant statute. *United States v. Rosales-Bruno*, 676 F.3d 1017, 1020 (11th Cir. 2012) (citing *Shepard v. United States*, 544 U.S. 13, 26 (2005)).

Specifically, courts must determine whether a statute contains "divisible alternative elements" or is in fact "an indivisible list of factual means by which" to commit a crime. *Gillis*, 938 F.3d at 1203. To make that determination, courts consider (1) "the text of the statute," (2) "relevant decisional law," and (3) "other evidence, such as indictments and jury instructions." *Id.* at 1204.

To illustrate, federal kidnapping under 18 U.S.C. § 1201(a) is indivisible because "seizes, confines, inveigles, decoys, kidnaps, abducts, or carries away" are simply alternative factual means of proving kidnaping. *Id.* For such a law, courts take the "categorical approach" and must look to the "least culpable conduct" to

6

determine whether it is a crime of violence. *Id.* Courts should, however, only consider the least culpable conduct that is a "realistic probability," not a "theoretical possibility." *Lauture v. U.S. Att'y Gen.*, 28 F.4th 1169, 1176 (11th Cir. 2022) (quoting *Gonzales*).

### Canons of Statutory Construction

Statutory interpretation is a question of "ordinary public meaning." *Heyman v. Cooper*, 31 F.4th 1315, 1319 (11th Cir. 2022). To determine that meaning, the Court may consider the canons of statutory construction. *Id.* No canon is **"**absolute," and one "can assuredly be overcome by other indicia of meaning." *Lockhart v. United States*, 577 U.S. 347, 352 (2016).

<u>The Rule of the Last Antecedent</u>

"[A] limiting clause or phrase should ordinarily be read as modifying only the noun or phrase that it immediately follows." *Id.* at 351 (cleaned up). This canon is a "commonsense principle of grammar" that is reflective of "the basic intuition that when a modifier appears at the end of a list, it is easier to apply that modifier only to the item directly before it." *Id.*; *see also ECB USA, Inc. v. Chubb Ins. Co. of N.J.*, 113 F.4th 1312, 1321 (11th Cir. 2024) (observing that the "purest form" of the rule provides that a "pronoun, relative pronoun, or demonstrative adjective generally refers to the nearest reasonable antecedent.").

The Series-Qualifier Canon

The converse of the rule of the last antecedent is the "series-qualifier canon," which provides that "[w]hen there is a straightforward, parallel construction that involves all nouns in a series, a modifier at the end of the list normally applies to the entire series." *Heyman*, 31 F.4th at 1319. This canon may apply "when several words are followed by a clause which is applicable as much to the first and other words as to the last" such that "the natural construction of the language demands that the clause be read as applicable to all." *Id.* (quoting *Paroline v. United States*, 572 U.S. 434, 447 (2014)).

The Interplay between the Series-Qualifier and Last Antecedent

The Supreme Court illustrated the interplay of these canons in *Lockhart*, comparing the phrase "the laws, the treaties, and the constitution of the United States" with "under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward" found in 18 U.S.C. § 2252(b)(1), in which a defendant argued that "involving a minor or ward" should extend to and modify "aggravated sexual abuse" and "sexual abuse." 577 U.S. 347 at 350. In support, the defendant offered the series-qualifier canon, and the government replied with the rule of the last antecedent. In rejecting the defendant's argument, the seven-Justice majority observed:

8

A reader intuitively applies "of the United States" to "the laws," "the treaties" and "the constitution" because (among other things) laws, treaties, and the constitution are often cited together, because readers are used to seeing "of the United States" modify each of them, and because the listed items are simple and parallel without unexpected internal modifiers or structure. Section 2252(b)(2), by contrast, does not contain items that readers are used to seeing listed together or a concluding modifier that readers are accustomed to applying to each of them. And the varied syntax of each item in the list makes it hard for the reader to carry the final modifying clause across all three.

*Id.*

The majority further explained that though the rule of the last antecedent best fit in this context, it was important to note that the rule was not overcome by other indicia of contrary meaning. *Id.* at 356.

## ARGUMENT

1. **Section 875(c) is a crime of violence under either the modified-categorical or the categorical approach.**

A violation of 18 U.S.C. § 875(c) is a crime of violence under the "elements clause" of the Bail Reform Act for two reasons. First, the statute is divisible into two offenses, one covering threats to kidnap and the other covering threats to injury, and, under the modified-categorical approach, Joiner's offense involves a threat to injure. Second, even if the statute is not divisible, even the least culpable conduct involved, a threat to kidnap, requires the express or implied threat of physical force.

    A.    Joiner's offense is a crime of violence under the modified categorical approach

9

First, Section 875(c) is divisible, as reflected by its plain text, surrounding case law, pattern instructions, and a recent Eleventh Circuit indictment. To begin, it is clearly divided into two clauses, each containing a different element: (1) a threat to kidnap and (2) a threat to injure the person of another. These concepts are linguistically and logically distinct. As a matter of syntax, they are separated into clauses, each containing the word "threat." Logically, every kidnapping does not entail injury, and every assault does not entail kidnapping.

Likewise, courts agree that Section 875(c) is divisible. *See, e.g.*, *United States v. Mjoness*, No. 20-8029, 2021 WL 4078002, at *10 (10th Cir. July 13, 2021) (holding that Section 875(c) is divisible and that a threat to injure is a predicate "crime of violence" under 18 U.S.C. 924(c)) (unreported); *see also Tomkins v. United States*, No. 16-CV-7073, 2018 WL 1911805, at *6 (N.D. Ill. Apr. 23, 2018) (holding that 'threat to injure' and 'threat to kidnap' are alternative elements" under Section 876(b)); *United States v. Santoro*, 359 F. Supp. 3d 122, 124 (D. Me. 2019) (using the modified categorical approach for a conviction under Section 875(c)).

A sister statute confirms this result. Section 875(c) has a U.S. mail-based analogue that prohibits mailing "any communication . . . containing any threat to kidnap any person or any threat to injure the person of the addressee or another..." 18 U.S.C. § 876(c). As the Third Circuit recognized in *United States v. Chapman*,

Section 876(c) identifies two alternative crimes: "(1) knowingly mailing any communication containing any threat to kidnap any person; and (2) knowingly mailing any communication containing any threat to injure the person of the addressee or of another." 866 F.3d 129, 134 (3d Cir. 2017).

Furthermore, the Eleventh Circuit Pattern Jury Instruction O30.3, "Interstate Transmission of Threat to Kidnap or Injure," for Section 875(c) provides:

> It's a Federal crime to knowingly send in [interstate] [foreign] commerce a true threat to [kidnap] [injure] any person…A "true threat" is a serious threat – not idle talk, a careless remark, or something said jokingly – that is made under circumstances that would place a reasonable person in fear of [being [kidnapped] [injured]] [another person being [kidnapped] [injured]].

Though the instructions do not specifically delineate between proof of kidnapping and proof of injury as elements, they do clearly identify the threats as separate at distinct, including the fear of being "kidnapped" versus being "injured." These instructions track the language of the Tenth Circuit Pattern Instructions, which the panel in *Mjoness* found to indicate that the bracketed terms were elements, not alternatives. 2021 WL 4078002, at *9

Likewise, a recent Eleventh Circuit opinion identifies "making an interstate threat to injure" as the Section 875 count in an indictment arising from a defendant's threat to injure a federal district judge and her family. *United States v. Thorn*, No. 24-12791, 2026 WL 1133623, at *1 (11th Cir. Apr. 27, 2026) (unreported).

Therefore, on balance, Section 875(c) is divisible. Joiner was charged with a violation of Section 875(c)'s threat-to-injure provision, as is evidenced by the complaint affidavit.[1] *Rosales-Bruno*, 676 F.3d at 1020 (recognizing indictments as *Shepard* documents for modified-categorical approach). That offense indisputably qualifies under the elements clause: "the knowing or intentional causation of bodily injury necessarily involves the use of physical force." *Delligatti v. United States*, 604 U.S. 423, 433 (2025) (cleaned up) (interpreting Section 924(c)'s elements clause); *United States v. Bowers*, 432 F.3d 518, 523 (3d Cir. 2005) (recognizing as "virtually identical" the crime-of-violence definitions in Section 924(c) and Section 3156(a)(4)).

B.      Joiner's offense is a crime of violence under the categorical approach

The result is the same under the categorical approach. "[T]he ordinary case" of the sister statute, Section 876(c), requires "threatened [] violent physical force—injuring or kidnapping." *United States v. Haileselassie*, 668 F.3d 1033, 1035 (8th Cir. 2012) (cleaned up). In *Sotelo v. United States*, a Seventh Circuit panel observed that "every court to consider the issue, both before and after *Johnson*, has concluded that a § 876 conviction entails a threat to use physical force, and is thus categorically

---

[1] The complaint itself describes the offense as "transmitting threatening communications in interstate commerce," but the substance of the affidavit makes clear that the allegation is that Joiner threatened to injure others through a mass shooting. The government has since sought search warrants in which it described the offense as an "interstate transmission of a threat to injure."

a crime of violence." 922 F.3d 848, 856 (7th Cir. 2019). The same logic holds for Section 875(c).

To deny this conclusion, Joiner contends that because substantive kidnappings can be committed through non-violent means like fraud or deception, the same must be true for threatened kidnappings. To the contrary, a threat to kidnap is logically a threat to use force, even if the crime itself can be achieved through a ruse. Indeed, the Ninth Circuit concluded in an unpublished opinion that there is no "'realistic probability,' as distinct from a 'theoretical possibility,' that a communication would *threaten* to kidnap a person by means other than physical force." *Spangle*, 617 F. App'x at 765 (quoting *Gonzales v. Duenas–Alvarez,* 549 U.S. 183, 193 (2007) in considering "crime of violence" under U.S.S.G. 4B1.2) (emphasis in original).

This makes good sense. It would require some imagination to conceive of a threat to kidnap predicated on deception, as such a threat would of course spoil the means of kidnapping. If someone were to say, "I will successfully deceive you into being held against your will," it would likely present as more farce or joke than true threat.

## 2. The 10-year punishment limitation does not apply to crimes of violence.

Finally, Joiner's offense triggers detention even though the statutory maximum is five years. *See Dai*, 99 F.4th at 137 ("Does the phrase 'for which a

13

maximum term of imprisonment of 10 years or more is prescribed' modify "crime of violence" in § 3142(f)(1)(A)? The answer is 'No.'"). The Second Circuit panel in *Dai* honored the grammar and syntax of the law, avoided surplusage, and accurately tracked the legislative history of the Bail Reform Act.

First, plain grammar and syntax should control: there is no comma before the operative phrase, "for which a maximum term of imprisonment of 10 years or more is prescribed." *Facebook, Inc. v. Duguid*, 592 U.S. 395, 403-404 (2021) (explaining that such a comma would be "evidence that the qualifier is supposed to apply to all the antecedents instead of only to the immediately preceding one"). Accordingly, when read naturally, the modifying clause is visually and grammatically associated with the preceding item, not the entire list. *See also United States v. Rausch,* 746 F. Supp. 2d 1192, 1194 n.1 (D. Colo. 2010) ("A basic reading of the statute reveals that the 'maximum term of imprisonment of 10 years or more' requirement applies only to an offense listed in § 2332b(g)(5)(B)) and not to a 'crime of violence'").

Next, the natural reading of the law comports with the canons of statutory construction, specifically presumptions against surplusage and the "rule of the last antecedent." Critically, every offense in "Section 1591," entitled "[s]ex trafficking of children or by force, fraud, or coercion," is punishable by at least 10 years of imprisonment. *See* 18 U.S.C. § 1591(b)(1) & (2); (d). As a result, the limitation

14

clause restricts nothing in this provision and would be redundant of what the law already plainly commands. This underscores that the limiting clause applies only to the enumerated offenses, particularly given that Congress listed dozens of offenses. Likewise, the lack of a comma implicates the antecedent rule: "where there is a series of items, a modifier applies only to the item directly before it." *United States v. Pietila*, No. 1:23-CR-78, 2023 WL 4313162, at \*2 (W.D. Mich. July 3, 2023) (citing *Lockhart* and concluding that the limitation clause only modifies the enumerated offenses).

Finally, the legislative history of the Bail Reform act confirms that Congress did not intend to modify the definition of "crime of violence." The Bail Reform Act of 1966 passed only permitted detention in noncapital cases in cases where a judicial officer determined that "release will not reasonably assure the appearance of the person as required."

Congress repealed and replaced the 1966 law in 1984 to permit detention for cases involving "(1) a crime of violence; (2) any offense punishable by life imprisonment or death; (3) a narcotics offense punishable by at least ten years' imprisonment; (4) a serious risk of flight or obstruction of justice; or (5) any felony committed after the person has been convicted of two or more offenses for which a hearing is mandated." Thus, in its original form, Congress included no term of

imprisonment limitation on crimes of violence but did so with respect to narcotics offenses that were not otherwise crimes of violence.

In 2004, Congress amended the law to include the phrase "or an offense listed in section 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed" after the term "crime of violence." Pub. L. No. 108–458, 118 Stat 3638.[2] At the same time, Congress also amended the rebuttable presumptions of detention by including offenses "listed in section 2332b(g)(5)(B) of title 18, United States Code, for which a maximum term of imprisonment of 10 years or more is prescribed."

In 2008, Congress again amended the law to its current form by inserting the term "a violation of section 1591" in between "crime of violence" and "or an offense listed in section 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed." Pub. L. No. 110–457, 122 Stat 5044.[3]

Accordingly, Congress started with "crime of violence" in 1984 with no 10-year limitation despite adding one to narcotics crimes. By 2004, Congress added two provisions concerning certain enumerated offenses that could constitute a federal crime of terrorism—one creating a rebuttable presumption of detention, and the other an entitlement to a detention hearing— both qualified by the 10-year limitation

---

[2] The Intelligence Reform and Terrorism Prevention Act of 2004.
[3] The William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008.

clause. Given that there are dozens of enumerated offenses that can qualify as crimes of terrorism, it is logical that Congress intended to avoid sweeping too broadly by including the limitation.

### 3. In the alternative, Section 875(c) is a crime of violence under the residual clause, 18 U.S.C. § 3156(a)(4)(B).

There is a substantial risk of violence that attends true threats. Indeed, as the Supreme Court has recognized, the criminalization of such threats "protects individuals from the fear of violence and from the disruption that fear engenders, in addition to protecting people from the possibility that the threatened violence will occur." *Virginia v. Black*, 538 U.S. 343, 360 (2003) (cleaned up). The fear and disruption prompted by true threats logically lead to a substantial risk of violent confrontations, whether intentionally, as with a victim seeking out the threat maker for a fight, inadvertently, with a victim arming herself out of fear and accidentally shooting an innocent nighttime visitor, and through the direct involvement of law enforcement, who must reasonably presume that someone making threats of violence, particularly involving a firearm, is armed and dangerous.

It is true that the Supreme Court has found residual clauses in other statutes to be unconstitutionally vague. *Dimaya*, 584 U.S. at 162 (holding that residual clause in Immigration and Nationality Act was void); *Johnson*, 135 S. Ct. at 2552. But "[i]n

17

*Beckles v. United States*, 137 S. Ct. 886 (2017), the Supreme Court made clear that identical statutory language may be unconstitutionally vague in some contexts but not others." *United States v. Kukstis*, Case No. 4:18-mj-04174-DHH, at *13 (D. Mass. May 4, 2018). Unlike the consequences associated with determining that an offense is a crime of violence under the Immigration and Nationality Act or the Armed Career Criminal Act, a finding that an offense is a crime of violence under the Bail Reform Act "does not deprive the defendant of life, liberty, or property within the meaning of the Fifth Amendment," and so "has no fixed consequences." *Id.*, at *14. A finding that an offense is a crime of violence under the Bail Reform Act merely leads to a hearing where the Court must assess several other factors to determine whether the defendant should be detained. It is thus akin to the Sentencing Guidelines at issue in *Beckles*, which "merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range" and "do not constrain th[at] discretion." *Beckles*, 580 U.S. at 257.

In this vein, the Second Circuit rejected an argument extending *Johnson* to the Bail Reform Act in *United States v. Watkins*, 940 F.3d 152, 160–61 (2d Cir. 2019) (discussing the different liberty interests at stake between ACCA sentencing and the government's eligibility for a pretrial detention hearing). *But see United States v. Richardson*, No. 2:25-CR-00590-BL, 2025 WL 3543635, at *3 (M.D. Ala. Dec. 10,

2025) (observing that the holding in *Johnson* would likely extend to the residual clause in the detention context).

Accordingly, the Court should reject any claim that the residual clause is void for vagueness as regards the Bail Reform Act and find that it remains a viable definition of "crime of violence" under 18 U.S.C. § 3156(a)(4)(B).

## CONCLUSION

The Court correctly held the June 2 hearing, as Section 875(c) is a crime of violence—whether divisible or indivisible, whether applying the categorical or modified categorical approach, threats to injure or to kidnap each contain the threatened use of physical force against another as an element. The 10-year limitation clause applies only to the enumerated offenses, as is apparent from the plain language of Subsection (f)(1)(A), the canons of statutory construction, and the legislative history of the various amendments of the Bail Reform Act. In the alternative, Section 875(c) qualifies as a crime of violence under the residual clause, as there is a substantial risk that violence will occur in the ordinary case.

Finally, the Court should detain Joiner, as her professed sincere desire to commit murder via a mass shooting presents a grave threat to the public. The government has proven by clear and convincing evidence that the threat that Joiner presents to the community cannot be mitigated through any condition or

combination of conditions of release and that the only way to reasonably assure public safety is through her continued detention.

Respectfully submitted this the 9th day of June, 2026.

PHILLIP W. WILLIAMS JR.
United States Attorney


*/s/W. Lee Gilmer*
W. Lee Gilmer
Assistant United States Attorney


## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CMECF system, which will send notification of such filing to all counsel of record.

*/s/W. Lee Gilmer*
W. Lee Gilmer
Assistant United States Attorney