**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** )<br>)<br>**v.** )     **Case No: 2:26-mj-268-JHE**<br>)<br>)<br>**KATHERINE GRACE JOINER** ) | |

**ORDER OF DETENTION PENDING TRIAL**

This matter is before the Court on the Government's motion for detention under the Bail Reform Act, 18 U.S.C. § 3142. The defendant, Katherine Grace Joiner, is charged by complaint with transmitting threatening communications in interstate commerce, in violation of 18 U.S.C. § 875(c).

On June 2, 2023, the Court held a detention hearing and, at the request of the parties, ordered supplemental briefing on the threshold question whether a detention hearing is authorized under 18 U.S.C. § 3142(f). The Government contends that a detention hearing is authorized under § 3142(f)(1)(A) because the charged offense is a "crime of violence" as defined in 18 U.S.C. § 3156(a)(4). Joiner objects, arguing that § 875(c) is not categorically a crime of violence and that § 3142(f)(1)(A) does not apply because § 875(c) carries a maximum term of imprisonment of five years.

Having considered the evidence presented at the hearing, the Pretrial Services report, the parties' supplemental briefs, the sealed materials submitted by the defense, and the arguments of counsel, the Court concludes that the Government has established a statutory basis for a detention hearing and that detention is warranted.

First, the Court concludes that the phrase "for which a maximum term of imprisonment of 10 years or more is prescribed" in § 3142(f)(1)(A) modifies only the

immediately preceding category: "an offense listed in section 2332b(g)(5)(B)." It does not modify the separate "crime of violence" category. Accordingly, the fact that § 875(c) carries a five-year statutory maximum does not preclude a detention hearing if the offense otherwise qualifies as a crime of violence.

Second, the Court concludes that the charged offense qualifies as a crime of violence under § 3156(a)(4)(A). Section 875(c) criminalizes transmitting in interstate or foreign commerce a communication containing "any threat to kidnap any person or any threat to injure the person of another." The Court finds, for purposes of the Bail Reform Act, that § 875(c) is divisible between threats to kidnap and threats to injure. The complaint and supporting affidavit make clear that the offense charged here is based on an alleged threat to injure, specifically alleged threats involving a planned school shooting. A threat to injure the person of another has as an element the threatened use of physical force against the person of another and therefore falls within § 3156(a)(4)(A). The Court does not rely on, and need not decide, whether § 875(c) also qualifies under § 3156(a)(4)(B)'s residual clause.

The Court therefore finds that this case involves a crime of violence and that a detention hearing is authorized under § 3142(f)(1)(A).

The Court next considers the factors set forth in § 3142(g). The nature and circumstances of the charged offense weigh strongly in favor of detention. The charge involves alleged threats to commit a school shooting. The evidence presented at the hearing and summarized in the record includes statements and communications indicating that Joiner contemplated carrying out a mass shooting and then taking her

own life. The record also reflects alleged discussion of acquiring firearms, references to prior mass violence, and conduct suggesting escalating planning and intent.

The weight of the evidence, while the least important of the § 3142(g) factors and not a substitute for the presumption of innocence, also supports detention for purposes of the Bail Reform Act. The Government's evidence includes communications and statements attributed to Joiner, including statements bearing directly on the alleged threat and her intent.

The Court has also considered Joiner's history and characteristics, including the information submitted by the defense concerning her mental health, medical history, family support, proposed release plan, and potential conditions of supervision. The Court has considered whether conditions such as third-party custody, electronic monitoring, mental-health treatment, restrictions on internet or electronic-device use, no-contact provisions, firearm restrictions, and other supervision conditions would reasonably assure the safety of others and the community. On this record, the Court finds that they would not.

The Court is mindful that detention may not be ordered based on the seriousness of the charge alone. The Court also recognizes the defense's proposed release plan and the information submitted concerning treatment and support. But considering the totality of the record, including the nature of the alleged threats, the alleged planning, the discussion of firearms, the target of the alleged threatened conduct, and the concerns reflected in the medical and mental-health information before the Court, the Court finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person and the community.

Accordingly, it is **ORDERED** that the Government's motion for detention is **GRANTED**. Joiner shall be **DETAINED** pending trial.

Joiner is committed to the custody of the Attorney General or the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Joiner must be afforded reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver Joiner to the United States Marshal for the purpose of appearances in connection with this case.

**DONE** this 17th day of June 2026.

_____

**JOHN H. ENGLAND, III**
**UNITED STATES MAGISTRATE JUDGE**